IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

```
JUSTIN CREED VANARSDALE,¹          *
                                   *
     Plaintiff,                    *
                                   *
     v.                            *     CV 422-003
                                   *
PRESIDENT JOSEPH BIDEN, CHATHAM    *
COUNTY DETENTION CENTER,           *
GEORGIA REGIONAL, and THE          *
SPACE FORCE,                       *
                                   *
     Defendants.                   *
```

**O R D E R**

Plaintiff filed this lawsuit while housed at the Chatham County Detention Center. (Compl., Doc. No. 1, at 3.) Plaintiff is proceeding *pro se* in this case brought under 42 U.S.C. § 1983. He also seeks to proceed *in forma pauperis*. Plaintiffs that wish to proceed *in forma pauperis* must have their pleadings screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (per curiam); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (per curiam); 28 U.S.C. § 1915A. A *pro se* litigant's pleadings are held to a more lenient standard than those drafted by an attorney, Erickson v. Pardus, 551 U.S. 89, 94

---

¹ Plaintiff also lists several co-plaintiffs in the case caption, which immediately reveals the frivolous nature of the Complaint. The Clerk is directed to **TERMINATE** the following co-plaintiffs: Almighty God, Extraterrestrials, Vice President Camela (sic) Harris, FBI, NCIA, Mayor of Savannah, United States District Court, and Savannah Police.

(2007), but the Court may dismiss the Complaint or any portion thereof if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

## I. BACKGROUND

Plaintiff, describing himself as an "ark angel" and a "universal magaglithic [sic] scribe" is attempting to sue the Defendants over what he perceives as the impending doom of the planet. (Doc. No. 1, at 1-2, 6.) Additionally, although it is not named as a defendant, Plaintiff states in capital letters that the State of Georgia owes him 2.3 trillion dollars. (Id. at 7.) Elsewhere Plaintiff requests one trillion dollars from the government to build his star craft to save planet Earth from extinction. (Id. at 6.) Most of the remaining allegations are a rambling succession of complaints about officers limiting his ability to continue his mission, attacks by and against random individuals, false imprisonment claims, the plight of other prisoners, and theft. (See generally id.)

## II. LEGAL STANDARD

A complaint or any portion thereof may be dismissed if it is frivolous, malicious, fails to state a claim upon which relief may

2

be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. § 1915(e)(2)(B). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid

3

of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, courts afford a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson, 551 U.S. at 94; Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction does not mean that courts have a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### III. DISCUSSION

As an initial matter, the Court notes that this case is due to be dismissed because Plaintiff failed to properly sign the Complaint as required by the federal rules, even after the Clerk entered a notice of deficiency. See Fed. R. Civ. P. 11. However, upon review of the Complaint, it is clear that this case is due to be dismissed as frivolous as well.

As stated above, *pro se* litigants are afforded a liberal reading of their complaints, in which allegations are presumed to be true. Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). "The sole exception to this rule lies with allegations that are sufficiently fantastic to defy reality as we know it:

4

claims about little green men, or the plaintiff's recent trip to Pluto, or experiences in time travel." See Iqbal, 556 U.S. at 696 (Souter, J., dissenting). Indeed, a complaint is frivolous where it "lacks an arguable basis in law or fact." Neitzke, 490 U.S. at 325. As here, claims describing "fantastic or delusional scenarios" constitute baseless claims subject to dismissal on Section 1915(d) grounds. See id. at 327.

On the narrow chance that Plaintiff has articulated a constitutional claim within his planetary concerns, the Court finds he fails to substantiate it. The Court gleans that Plaintiff, at the very least, feels he is wrongfully incarcerated. But when a prisoner challenges the legality or duration of his custody or raises a constitutional challenge which could entitle him to an immediate or earlier release, his sole federal remedy is a writ of habeas corpus. Edwards v. Balisok, 520 U.S. 641, 648 (1997). Therefore, to the extent that Plaintiff seeks release from prison, he is misguided. Moreover, Plaintiff has failed to allege any elements required in a false imprisonment claim. See West v. Tillman, 496 F.3d 1321, 1327 (11th Cir. 2007). Considering the nature of Plaintiff's allegations, this case is due for dismissal.

IV.   CONCLUSION

Upon the foregoing, **IT IS HEREBY ORDERED** that this case is **DISMISSED WITHOUT PREJUDICE**. Plaintiff's motion for leave to proceed *in forma pauperis* (doc. no. 2) is **DENIED**. The Clerk is directed to **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this 25th day of July, 2022.

_____
UNITED STATES DISTRICT JUDGE